WEST v FARM BUREAU GENERAL INSURANCE COMPANY
OF MICHIGAN (ON REMAND)

Docket No. 251003. Submitted April 21, 2006, at Lansing. Decided
August 15, 2006, at 9:00 a.m. Leave to appeal sought.

Jane C. West and Joe E. West, Jr., brought an action in the Charlevoix
Circuit Court against Farm Bureau General Insurance Company of
Michigan, seeking underinsured motorist benefits. The defendant
moved for summary disposition on the grounds that the plaintiffs had
failed to bring their action within the one-year contractual limita-
tions period provided in the policy. The court, Richard M. Pajtas, J.,
denied the defendant's motion, concluding that the policy's one-year
limitations period was invalid under MCL 500.2254 or that, in the
alternative, the one-year period was tolled because the defendant had
never formally denied the plaintiffs' claim. The defendant appealed.
The Court of Appeals consolidated this case with an unrelated case
and affirmed the trial court's order in this case in an unpublished
opinion per curiam, issued August 3, 2004, in *Robinson v Allied Ins
Co* (Docket Nos. 247375 and·251003), relying on the judicial tolling
doctrine from *Tom Thomas Org v Reliance Ins Co*, 396 Mich 588
(1976). The defendant sought leave to appeal. The Supreme Court
held this case in abeyance pending its decision in *Rory v Continental
Ins Co*, 473 Mich 457 (2005). After *Rory*, the Supreme Court initially
denied leave to appeal in this case. 474 Mich 880 (2005). On
reconsideration, the Supreme Court, in lieu of granting leave to
appeal, remanded this case to the Court of Appeals for reconsidera-
tion in light of *Rory* and *Devillers v Auto Club Ins Ass'n*, 473 Mich
562 (2005), including consideration of whether the contractual limi-
tations period in this case may be judicially tolled. 474 Mich 1089
(2006). The Court of Appeals vacated its prior consolidation order.

On remand, the Court of Appeals *held*:

1. *Devillers* is not relevant to this case because *Devillers*
involved claims under the no-fault act, with its associated statutes
of limitations, and this case involves an insurance contract claim
separate from the no-fault act.

2. *Rory* applies prospectively only. While *Rory* overruled *Tom
Thomas* and is factually similar to this case, *Rory* established a

new principle of law that represented a break from solid, long-standing law in Michigan. Given the purpose of the rule announced in *Rory*, the extent to which claimants and insurers had relied on *Tom Thomas*, and the manner in which applying *Rory* retroactively would offend the administration of justice by creating a windfall for insurers to the detriment of insureds, exigent circumstances exist requiring a departure from the general rule of full retroactive effect.

3. The one-year contractual limitations period in this case may be judicially tolled, given that the defendant had never formally denied the plaintiffs' claim. While the defendant's adjuster may have made a counteroffer to the plaintiffs' demand for uninsured/underinsured motorist benefits, that counteroffer was not a formal denial of liability. There is no evidence that the defendant relied on the one-year contractual limitation, while the plaintiffs clearly relied to their detriment on the negotiations involved in the claims processing that occurred here.

Affirmed.

INSURANCE — CONTRACTS — CONTRACTUAL PERIODS OF LIMITATIONS — UNDERINSURED MOTORIST BENEFITS.

The holding in *Rory v Continental Ins Co*, 473 Mich 457 (2005), that, absent a violation of law or public policy or the existence of a traditional contract defense, a contractually shortened limitations period in an insurance policy is valid and enforceable, applies prospectively only.

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Curtis R. Hadley*), for the defendant.

ON REMAND

Before: DONOFRIO, P.J., and FORT HOOD and BORRELLO, JJ.

DONOFRIO, P.J. This case concerns the one-year limitations period for underinsured motorist benefits claims, and returns to this Court on remand from our Supreme Court. Our Supreme Court remanded the case to us for reconsideration in light of *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005), and

*Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005), and specifically to consider whether the contractual limitations period in this case may be judicially tolled. Because *Devillers* is inapplicable to this case for the reason that this case does not involve a statutory no-fault claim, and because we decline to apply *Rory* retroactively, we determine that the contractual limitations period in this case may be judicially tolled, given that defendant had never formally denied plaintiffs' claim, and affirm.

I

We provided a detailed statement of the underlying facts and proceedings in the previous opinion of this Court in *Robinson v Allied Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued August 3, 2004 (Docket Nos. 247375 and 251003). We described the facts in the previous unpublished opinion as follows, *id.*, slip op at 3-4:

> In Docket No. 251003, plaintiff Jane West was injured in an automobile accident on June 20, 1999.[2] At the time of the accident, plaintiffs maintained an automobile insurance policy with defendant Farm Bureau Insurance Company in accordance with the Michigan no-fault automobile insurance act, MCL 500.3101 *et seq.* The policy included a provision for $100,000 of [uninsured/]underinsured motorist coverage, and also contained a clause stating that "[n]o claimant may bring a legal action against the company more than one year after the date of the accident."
>
> On September 5, 2002, more than three years and two months after the accident, plaintiffs filed suit alleging that plaintiff Jane West had sustained serious impairment of body function as a result of the accident, and that defendant had breached its contract with plaintiffs by failing to remit $100,000 in underinsured motorist benefits under the policy. Plaintiff Joe West also claimed a loss of consortium.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10) based on plaintiffs' failure to commence their action within the one-year contractual limitation period provided in the policy. Following a hearing, the trial court . . . denied defendant's motion on the ground that the contractual one-year limitation period contained in the policy was invalid under MCL 500.2254. As an alternative ground, the trial court also held that the one-year limitation period, even if not invalidated by MCL 500.2254, was tolled because defendant had never formally denied plaintiffs' claim.

---

[2] Plaintiffs state the date of the accident as June 30, 1999 in their complaint. However, defendant stated June 20, 1999 as the date of the accident in its answer, motion for summary disposition, at the subsequent hearing, and in an affidavit provided by its claims adjuster. Plaintiffs did not seek to correct this assertion. Nonetheless, the exact date of the accident is inconsequential to our resolution of the issues presented.

---

In our previous opinion, we affirmed the trial court's denial of defendant's motion for summary disposition based on the application of a one-year contractual limitations period for underinsured motorist benefits claims. We relied on the tolling doctrine adopted by our Supreme Court in *Tom Thomas Org, Inc v Reliance Ins Co*, 396 Mich 588, 596-597; 242 NW2d 396 (1976), and held that limitations periods must be tolled from the time the insured gives notice of his or her claim until the insurer formally denies liability for the claim.

Defendant sought leave to appeal in the Michigan Supreme Court, which ordered the matter held in abeyance pending its resolution of *Rory*. After issuing its decision in *Rory*, the Supreme Court denied leave to appeal in this matter. 474 Mich 880 (2005). However, subsequently, the Supreme Court issued the following order on reconsideration:

The motion for reconsideration of this Court's order of October 13, 2005 is granted. We vacate our order dated October 13, 2005. 474 Mich 880. On reconsideration, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for reconsideration in light of *Rory v Continental Ins Co*, 473 Mich 457 (2005), and *Devillers v Auto Club Ins Ass'n*, 473 Mich 562 (2005), including consideration of whether the contractual limitations period in this case may be judicially tolled. [474 Mich 1089 (2006).]

Thus, on remand, we are charged with narrowly determining whether the contractual limitations period in this case may be judicially tolled in light of our Supreme Court's recent decisions in *Rory* and *Devillers*.

II

In *Rory*, the plaintiff obtained an automobile insurance policy, which included optional coverage for uninsured motorist benefits, from the defendant. The plaintiff was injured in an automobile accident. There was no indication that the driver of the other vehicle involved in the accident was insured. More than a year after the accident, the plaintiff filed a first-party no-fault suit against the defendant and a third-party suit seeking noneconomic damages from the driver of the other vehicle. At that time, the parties learned that the driver of the other vehicle was uninsured. The defendant denied the plaintiff's claim for uninsured motorist benefits because plaintiff had not filed it within one year of the accident. *Rory, supra* at 461-462.

Our Supreme Court considered the validity or reasonableness of a shortened one-year contractual limitations period in an insurance policy in *Rory*. The Supreme Court stated that insurance contracts are subject to the same standards of enforcement as other contracts. *Rory, supra* at 461, 465-466. It held that an

unambiguous provision in an insurance policy providing for a shortened limitations period is enforceable unless it would violate law or public policy. *Id.* at 465-470. While observing that "[a] mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions," the Supreme Court specifically overruled its prior opinion in *Tom Thomas. Id.* at 470. *Tom Thomas* had adopted the judicial tolling rule that a contractual limitations period in an insurance policy must be tolled from the time the insured gives notice until the insurer formally denies liability. *Tom Thomas, supra* at 596-597. Ultimately, the Supreme Court concluded in *Rory* that no statute or caselaw exists in this state prohibiting private parties from contracting for shorter limitations periods than those specified by general statutes; thus, absent proof of estoppel, waiver, or another recognized contract defense, a contractually shortened limitations period is valid and enforceable. *Rory, supra* at 470-472.

In *Devillers*, Michael Devillers, aged 16, was an insured under a policy of no-fault automobile insurance issued to his parents by the defendant. *Devillers, supra* at 564-565. In September 2000, Michael was seriously injured in an automobile accident, resulting in a traumatic brain injury. *Id.* at 565. The defendant paid the plaintiff benefits for home health care services from October 20, 2000, to February 14, 2001. The defendant then discontinued the benefits for several months on the basis of a February 14, 2001, prescription indicating that Michael no longer required close supervision. During this time, the plaintiff continued to provide care for Michael for which she did not receive benefits. The plaintiff filed a complaint on November 12, 2002, seeking benefits for services rendered for which she had not received payment. *Id.*

At issue was the interpretation of the one-year-back provision of MCL 500.3145(1). *Devillers, supra* at 565, 574, 583, 591. After an extensive review of the history of the "judicial tolling doctrine" in insurance law, our Supreme Court concluded that equitable tolling cannot be applied to unambiguous statutory language. The Supreme Court also again called into question *Tom Thomas*. When the *Devillers* Court overruled the judicial tolling doctrine, it stated that *Tom Thomas* was wrongly decided because "[s]tatutory—or contractual—language must be enforced according to its plain meaning, and cannot be judicially revised or amended to harmonize with the prevailing policy whims of members of [the Michigan Supreme Court]." *Id.* at 582.

The Supreme Court, in *Devillers*, also overruled its previous holding in *Lewis v Detroit Automobile Inter-Ins Exch*, 426 Mich 93; 393 NW2d 167 (1986), because the *Lewis* Court had incorrectly imposed "a judicial tolling doctrine under which the one-year statutory period is tolled from the time a specific claim for benefits is filed to the date the insurer formally denies liability" onto the "one-year-back" period of limitations in MCL 500.3145(1). *Devillers, supra* at 564. As such, the Court declared that "[t]he one-year-back rule of MCL 500.3145(1) must be enforced by the courts of this state as our Legislature has written it, not as the judiciary would have had it written." *Id.* at 586. As a result, the Supreme Court granted the defendant summary disposition to the extent that the plaintiff's claim was barred by the one-year-back rule. *Id.* at 593.

III

In the present case, plainly, both the trial court and this Court relied on the judicial tolling doctrine enunciated in *Tom Thomas* to deny summary disposition

given that defendant had never formally denied plaintiffs' claim. Our Supreme Court's subsequent decisions in *Rory* and *Devillers* now would seem to preclude our reliance on *Tom Thomas* and eviscerate our previous analysis if they are to be applied retroactively. Thus, the next step in our analysis is to determine if *Rory* and *Devillers* are to be applied retroactively.

Regarding *Devillers*, our Supreme Court explicitly held that its decision in *Devillers* was to be applied retroactively. *Devillers, supra* at 587. In particular, the Court stated, "our decision in this case is to be given retroactive effect as usual and is applicable to all pending cases in which a challenge to *Lewis*'s judicial tolling approach has been raised and preserved." *Id.* Thus, pursuant to *Devillers*, under MCL 500.3145(1), a plaintiff may bring suit to recover unpaid personal protection insurance claims within one year from the latest claimed expense if the plaintiff has timely filed notice or if the insurance company has previously paid benefits for the injury. *Id.* at 574. Although the holding in *Devillers* is clearly to be applied retroactively, it is not relevant to the instant case because this case is factually distinguishable. *Devillers* concerns those statutory claims brought pursuant to the no-fault act, with the applicable statutes of limitations. This case does not involve the no-fault act and is proceeding strictly as an insurance contract claim wholly separate from the no-fault act and the associated statutes of limitations. Hence, the holding in *Devillers* is not instructive in this case.

Our analysis moves then to *Rory*, which is factually similar to the case at bar. If *Rory* applies to our case, then we must conclude that because plaintiffs' insurance contract contained a one-year limitations period for filing suit and the complaint was filed three years

later, plaintiffs cannot maintain the action. In *Rory*, though, unlike in *Devillers*, our Supreme Court did not take up the issue of retroactivity and did not enunciate whether its decision applied retroactively. In general, judicial decisions are given full retroactive effect, meaning that they are applied to all pending cases that raise and preserve the same challenge. *Wayne Co v Hathcock*, 471 Mich 445, 484; 684 NW2d 765 (2004); *Holmes v Michigan Capital Med Ctr*, 242 Mich App 703, 713; 620 NW2d 319 (2000). When the *Devillers* Court discussed retroactivity, it stated that prospective application of a judicial decision is a departure from the general rule and is only appropriate in " 'exigent circumstances.' " *Devillers, supra* at 586, quoting *Wayne Co, supra* at 484 n 98. In fact, "[c]omplete prospective application has generally been limited to decisions which overrule clear and uncontradicted case law." *Hyde v Univ of Michigan Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986).

Our Supreme Court has counseled that the threshold question in order to determine the application of a new decision is whether the decision clearly established a new principle of law. If a new decision does clearly establish a new principle of law, then a court must weigh three factors to decide whether a judicial decision warrants prospective application: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactive application on the administration of justice. *Pohutski v City of Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002).

*Rory* clearly and specifically overruled *Tom Thomas*, a decision that this Court has relied on for the proposition that a contractual limitations period in an insurance policy must be tolled from the time the insured gives notice until the insurer formally denies liability.

*Rory, supra* at 470; *Tom Thomas, supra* at 596-597. *Tom Thomas* judicial tolling was the law in this state for nearly 30 years, relied on by courts, practitioners, insurers, and insureds alike. Plainly, the decision in *Rory* represents a break from solid, longstanding law in this state. Consequently, for the purposes of our analysis, we conclude that *Rory* establishes a new principle of law, and we must now weigh (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactive application on the administration of justice. *Pohutski, supra* at 696.

First, the purpose of the new rule is to put all insureds, including claimants, on notice regarding how insurers will handle insurance claims without penalizing those who have relied on past practices. Second, the *Tom Thomas* tolling doctrine had shaped the insurance practice for nearly 30 years. During the *Tom Thomas* era, insureds would file their claims under their specific policies, triggering the adjustment process. Then insurers engaged in a decision-making strategy in which the insurer would either (1) deny the claim promptly with the contract provisions in mind in order to completely avoid raising a tolling issue, or (2) elect not to rely on the contract provisions providing for timing limitations and instead proceed with a prolonged claims adjustment process allowing for additional time to collect, evaluate, and analyze data in order to make a more studied assessment in the hopes of delimiting the dispute. Thus, these practical and routine interactions between claimants and insurance providers easily illustrate the far-reaching extent and the customary manner in which both insurers and insureds relied on *Tom Thomas* for nearly 30 years.

Finally, the effect of retroactively applying *Rory* in this context offends the administration of justice be-

cause it creates a windfall for the insurers to the detriment of the insureds. Under *Tom Thomas,* the usual insurance practice included a notification of a claim by an insured, followed by the passage of time insurers used to gather information in order to make informed decisions resulting in either settling claims or denying claims. By retroactively applying *Rory,* insurers unfairly benefit from the delay they participated in creating during the adjustment process while, concomitantly, claimants suffer without recourse. Retroactive application of *Rory* in this case, as well as in cases with similar facts, offends general expectations of the legal process.

> [T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal." [*Landgraf v USI Film Products,* 511 US 244, 265; 114 S Ct 1483, 128 L Ed 2d 229 (1994) (citation omitted).]

For all these reasons, we conclude that not only is *Rory* a complete break from solid, longstanding law in this state, but application of the *Pohutski* analysis in this context reveals that the necessary exigent circumstances exist requiring a departure from the general rule of full retroactive effect. *Devillers, supra* at 586; *Pohutski, supra* at 696. *Rory* is to be applied prospectively only in this matter and in all similar cases.

IV

The parties do not dispute that the tolling period began on February 24, 2000, when plaintiffs' attorney

made a demand for $100,000 in uninsured/underinsured motorist benefits, the full extent of coverage under the plaintiffs' policy, to defendant's claims adjuster, Bradley Copeland, during a telephone conversation. Defendant asserts that the tolling period also ended on that date because Copeland testified by affidavit that he made a counteroffer during the conversation to settle plaintiffs' claim for $25,000. Defendant argues that Copeland's counteroffer was a denial of plaintiffs' claim as a matter of law.

Although a counteroffer is a rejection of an offer for the purposes of contract formation, precluding a meeting of the minds, this canon of contract law is inapplicable. *Harper Bldg Co v Kaplan*, 332 Mich 651, 656; 52 NW2d 536 (1952), quoting *Thomas v Ledger*, 274 Mich 16, 21; 263 NW 783 (1935); *Giannetti v Cornillie*, 204 Mich App 234, 237; 514 NW2d 221, rev'd on other grounds 447 Mich 998 (1994). In this context, defendant's counteroffer was just that, a counteroffer and not a formal denial of liability. We reject defendant's contention that Copeland's counteroffer was a denial of plaintiffs' claim as a matter of law.

According to Copeland's affidavit, he made defendant's offer to settle on February 24, 2000. Plaintiffs' attorney informed Copeland on March 31, 2000, that he wished to hold off on any settlement negotiations until his client underwent scheduled surgery. That was apparently agreeable to defendant. Approximately five months later, Copeland attempted to contact plaintiffs' attorney by leaving a phone message regarding further settlement negotiations on September 5, 2000, more than one year after the date of accident, June 20, 1999. Defendant neither denied the claim nor set forth any time limitation to conclude settlement negotiations. Plaintiffs' attorney, on July 19, 2002, demanded arbi-

tration pursuant to the terms of the policy. After receiving plaintiffs' demand for arbitration, Copeland rejected the demand, and the underlying litigation followed.

In applying the preceding principles enunciated in our discussion of the retroactivity of *Rory* to the facts in this case, we first note no timely reliance by defendant on the one-year contractual limitation. This is shown by Copeland's attempt to reinstitute negotiations on September 5, 2000, some 90 days beyond the contractual one-year limitation. Further, it is clear that in the adjustment of the instant claim there was interaction between the parties concerning the resolution of the primary claim that formed the basis for the underinsured motorist claim. When defendant's offer to settle the underinsured motor claim was made, it was clear to the parties that further delay was necessary before negotiations could be completed because of the nature and extent of plaintiffs' injuries, scheduled future surgery, and any following convalescence. The record does not disclose that any of Copeland's actions or postlimitations-period communications sought to impose a temporal limitation on the conclusion and resolution of the claim that had been accepted by the insurer and for which an offer of settlement had been made. Further, the insurer neither conditioned nor revoked its offer to settle. Clearly, plaintiffs relied to their detriment on the free-flowing claims processing that is evident in this matter, and, therefore, the exigent circumstances requirement, as identified in *Devillers, supra* at 586, is demonstrated.

V

*Devillers* is inapplicable because this case does not involve a statutory no-fault claim. And, because we

decline to apply *Rory* retroactively, we determine that the contractual limitations period in this case may be judicially tolled, given that defendant had never formally denied plaintiffs' claim.

Affirmed.