McGRAW v FARM BUREAU GENERAL INSURANCE COMPANY
OF MICHIGAN

Docket No. 271919. Submitted February 6, 2007, at Lansing. Decided
   February 20, 2007, at 9:00 a.m.
   Elizabeth K. and John W. McGraw brought an action in the Saginaw
   Circuit Court against their insurer, Farm Bureau General Insur-
   ance Company of Michigan, seeking first-party underinsured mo-
   torist benefits for an automobile accident. The plaintiffs had given
   the defendant a timely notice for no-fault benefits, but had not
   specifically given written notice of a claim for underinsured
   motorist benefits. The defendant moved for summary disposition,
   asserting that the one-year limitation for claims for underinsured
   motorist benefits found in the plaintiffs' policy was enforceable
   and that the plaintiffs had waived their contractual rights for that
   coverage. The court, Lynda L. Heathscott, J., denied the motion,
   concluding that, while the plaintiffs had not given notice of the
   claim, the policy's one-year limitation might be unenforceable on
   public policy grounds after the Commissioner of the Office of
   Financial Insurance issued orders disallowing the use of shortened
   limitations periods in policies for uninsured and underinsured
   motorist benefits. The defendant appealed by leave granted.

   The Court of Appeals *held*:

   1. The trial court erred by granting summary disposition on
   public policy grounds. The commissioner's orders expressly stated
   that they do not apply retroactively and that they do not modify
   existing insurance policies lawfully in effect, which insurance
   companies may continue to use. Thus, the orders do not affect the
   contractual one-year limitation at issue in the plaintiffs' policy.

   2. The holding of *Rory v Continental Ins Co*, 473 Mich App 457,
   465-466 (2005), that an unambiguous contractual provision pro-
   viding for a shortened period of limitation is to be enforced as
   written, applies retroactively to this case involving a failure to give
   notice of a claim to the insurance company.

   3. The plaintiffs' notice of a claim for no-fault benefits was
   insufficient to constitute adequate notice of a claim for underin-
   sured motorist benefits.

Reversed and remanded for entry of summary disposition in the defendant's favor.

INSURANCE — CONTRACTS — NO-FAULT BENEFITS — UNDERINSURED MOTORIST BENEFITS.

An insured's notice of a claim for no-fault insurance benefits is insufficient to constitute adequate notice of a claim for underinsured motorist benefits.

*J. Michael Fordney* for the plaintiffs.

*Willingham & Coté, P.C.* (by *Anthony S. Kogut, Curtis R. Hadley,* and *Matthew K. Payok*), for the defendant.

Amicus Curiae:

*Dykema Gossett PLLC* (by *Lori McAllister* and *Kristine N. Tuma*) for the Michigan Insurance Coalition.

Before: WHITBECK, C.J., and BANDSTRA and SCHUETTE, JJ.

PER CURIAM. Defendant, Farm Bureau General Insurance Company of Michigan, appeals by leave granted the trial court's denial of its motion for summary disposition. We reverse and remand.

### I. FACTS

On January 6, 2003, plaintiffs, Elizabeth K. McGraw and John W. McGraw, husband and wife, were involved in a head-on collision with a vehicle operated by teenager Lindsey R. Soentgen. Mrs. McGraw was discharged the following day from St. Mary's Medical Center emergency department with a diagnosis of occult rib fractures. She was subsequently readmitted to St. Mary's on January 13, 2003, with an admitting diagnosis of paroxysms of atrial fibrillation with grade

II mitral insufficiency. On February 3, 2003, Mr. McGraw notified defendant that the accident had occurred by submitting a written application for no-fault benefits. Plaintiffs failed to submit a separate application, or any other request in writing, for underinsured motorist benefits, and the application for no-fault benefits was the only notice of a claim submitted to defendant.

By March 2005, Mrs. McGraw's condition deteriorated significantly. Her mitral insufficiency was reclassified as grade IV and was severe enough to require open-heart surgery and mitral-valve replacement. The parties agree that plaintiffs are the "named insureds" in a "Family Auto Policy" that was in effect at the time of the accident. This insurance policy provided for "Family Protection Coverage" that included both uninsured and underinsured motorist coverage. Defendant claims that plaintiffs' failure to file a specific written claim for underinsured motorist benefits within one year of the accident constitutes a waiver of plaintiffs' contractual rights and that merely providing notice of the accident for purposes of filing for no-fault benefits is insufficient.

Defendant relies on the following language found in an "Amendatory Endorsement" to plaintiffs' "Family Auto Policy":

> **Time Limitation For Action Against Us—Part IV:**
> Any person seeking Family Protection Coverage must:
>
> (a) present the claim for compensatory damages according to the terms and conditions of this coverage and policy; and
>
> (b) present to us a written notice of the claim for Family Protection Coverage within one year after the accident occurs.

> A suit against us for Family Protection Coverage may not
> be commenced later than one year after the accident that
> caused the injuries being claimed, unless there has been
> full compliance with the provisions of paragraphs (a) and
> (b), above.

Plaintiffs gave timely written notice for no-fault benefits, but they did not specifically give written notice of a claim for underinsured motorist benefits.

Plaintiffs filed suit against Soentgen's insurer, State Farm Insurance Company, on April 29, 2005, seeking third-party benefits. On June 21, 2005, plaintiffs filed suit against defendant for first-party underinsured motorist benefits. Defendant moved for summary disposition, claiming that the contractual period was enforceable and that plaintiffs had waived their contractual rights for underinsured motorist coverage. Plaintiffs opposed defendant's motion, arguing that there was a factual issue regarding whether the application for no-fault benefits was adequate notice for making a claim for underinsured motorist benefits.

The trial court heard oral arguments on December 5, 2005, and took the matter under advisement. On December 16, 2005, the Commissioner of the Office of Financial and Insurance Services, pursuant to her statutory authority under MCL 500.2236(5), issued Notice and Order of Prohibition 05-060-M regarding uninsured motorist coverage (OFIS Order No. 05-060-M). The order stated that insurance companies "shall not issue, advertise, or deliver to any person in this state a policy or rider that limits the time to file a claim or commence suit for uninsured motorist benefits to less than three years unless [the insurance company] was legally using that policy or rider form in Michigan prior to the date of this notice . . . ." On April 4, 2006, the commissioner issued a similar order regarding

underinsured motorist benefits. Notice and Order of Prohibition 06-008-M (OFIS Order No. 06-008-M) provided that insurance companies "shall not issue, advertise, or deliver to any person in this state a policy or rider that limits the time to file a claim or commence suit for underinsured motorist benefits to less than three years unless [the insurance company] was legally using that policy prior to the date of this notice . . . ." The order further stated that "the same considerations applicable to uninsured motorist coverage apply with equal or greater force to underinsured motorist coverage."

The trial court issued its opinion and order on July 6, 2006, denying defendant's motion for summary disposition. Although the trial court found that plaintiffs never gave written notice of a claim for uninsured motorist benefits, it held that "the one-year limitation in the insurance contract at issue in this case may be unenforceable on grounds of public policy . . . ."

## II. STANDARD OF REVIEW

We review de novo a trial court's decision regarding summary disposition. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). The interpretation of clear contractual language is an issue of law that we also review de novo on appeal. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003).

## III. ANALYSIS

Defendant argues that the trial court erred in denying its motion for summary disposition. Relying on the commissioner's orders, the trial court reasoned that the contractual limitations period in defendant's policy,

which required the insureds to give notice of a claim within one year, might be against public policy and unenforceable. Defendant asserts that the limitations period is unambiguous and enforceable as a matter of law. We agree.

In *Rory v Continental Ins Co*, 473 Mich 457, 465-466; 703 NW2d 23 (2005), our Supreme Court stated that because uninsured motorist coverage is optional, "the rights and limitations of such coverage are purely contractual and are construed without reference to the no-fault act." The *Rory* Court then expressly held "that an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Id.* at 470. Further, "[a] mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions." *Id.* Rather, the commissioner is vested with the statutory authority and discretion to determine the "reasonableness" of an insurance contract. *Rory, supra* at 475; MCL 500.2236(5). Indeed, MCL 500.2236(5) expressly provides:

> Upon written notice to the insurer, the commissioner may disapprove, withdraw approval or prohibit the issuance, advertising, or delivery of any form to any person in this state if it violates any provisions of this act, or contains inconsistent, ambiguous, or misleading clauses, or contains exceptions and conditions that unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the policy.

The statute also provides that the commissioner's disapproval will take effect 30 days after the notice of disapproval if the insurance policy was legally in effect at the time of the notice. *Id.*

On December 16, 2005, the commissioner issued a notice and order of prohibition under MCL 500.2236(5)

that agreed with this Court's conclusion in *Rory v Continental Ins Co,* 262 Mich App 679; 687 NW2d 304 (2004), rev'd 473 Mich 457 (2005), "that a one-year limitation for making claims or filing suit for uninsured motorist benefits is unreasonable." OFIS Order No. 05-060-M, p 2. However, the order expressly stated that it was "effective immediately" and did not state that it was retroactive. *Id.* at 4. The order also clearly stated that it did not modify existing policies lawfully in effect and that an insurance company may continue "to use any policy form or rider that it may have been legally using in Michigan prior to the date of this notice . . . ." *Id.* at 4-5. Finally, the order stated that "[t]he Commissioner is currently considering what action is appropriate with regard to those policies or riders in use before the date of this notice and order." *Id.* at 5. The commissioner's second order on April 4, 2005, contained the same language as the first order with regard to its retroactive application to underinsured motorist policies currently in effect. OFIS Order No. 06-008-M, p 6. However, because the orders expressly stated that they did not apply retroactively, and because plaintiffs' policy was in existence before issuance of the orders, the commissioner's orders do not affect the one-year contractual limitation at issue. Therefore, the trial court erred in refusing to grant summary disposition on the grounds that the limitation may be against public policy.

We reject plaintiffs' argument that our Supreme Court's decision in *Rory* does not apply to this case. Plaintiffs rely on this Court's holding in *West v Farm Bureau Gen Ins Co (On Remand),* 272 Mich App 58; 723 NW2d 589 (2006) (lv held in abeyance 725 NW2d 671 [2007], pending the outcome of the appeal of *McDonald v Farm Bureau Ins Co,* unpublished opinion per curiam of the Court of Appeals, issued August 24, 2006 [Docket

No. 259168]), that *Rory* does not apply retroactively to bar a lawsuit for uninsured motorist benefits filed more than one year after the accident. *Rory* applies to uphold contractual limitations on both filing a notice of a claim and filing a lawsuit. *Rory*, 473 Mich at 465. However, *West*'s narrow holding—that *Rory* does not apply retroactively—applies only to those situations involving failure to file a lawsuit within the one-year contractual limitations period, as opposed to the situation in this case in which there was a failure to give notice of a claim to the insurance company.[1] *West, supra* at 68.

Plaintiffs also argue that there was a genuine issue of material fact regarding whether the application for no-fault benefits was sufficient notice of a claim for underinsured motorist benefits. However, our Supreme Court specifically rejected the same argument in a case involving uninsured motorist coverage. *Morley v Automobile Club of Michigan*, 458 Mich 459, 467-468; 581 NW2d 237 (1998). "The report of the accident that the no-fault claim procedure requires could not inform the insured of the most obviously necessary fact to trigger uninsured motorist coverage, namely, that in the insured's view the tortfeasor was uninsured." *Id.* at 468. Similarly, in the present case, plaintiffs' failure to notify defendant of the specific need for underinsured motor-

---

[1] The concerns that this Court expressed in *West* regarding the retroactive application of *Rory* do not apply in this case. Before *Rory*, there was a longstanding doctrine that a "contractual limitations period in an insurance policy must be tolled from the time the insured gives notice until the insurer formally denies liability." *West, supra* at 66; see also *Tom Thomas Org, Inc v Reliance Ins Co*, 396 Mich 588, 596-597; 242 NW2d 396 (1976), overruled by *Rory*, 473 Mich at 470. However, in this case, plaintiffs never gave notice of a claim for underinsured motorist benefits. Thus, defendant was not obligated to investigate or process that specific claim for benefits, and plaintiffs cannot argue that they relied on judicial tolling while their claim was being processed.

ist coverage deprived defendant of the opportunity to gather the information needed to grant or deny a claim for underinsured motorist benefits.

### IV. CONCLUSION

The trial court was incorrect in refusing to grant summary disposition in defendant's favor. The commissioner's orders do not apply retroactively, and, therefore, the one-year contractual limitations period to file notice of a claim in the insurance policy is valid and enforceable. Further, *West* does not limit *Rory*'s retroactivity under the facts of this case. Finally, plaintiffs' notice of a claim for no-fault benefits was insufficient to constitute adequate notice of a claim for underinsured motorist benefits.

Reversed and remanded for entry of summary disposition in defendant's favor. We do not retain jurisdiction.