Weaver, J.
(dissenting). I dissent from the erroneous decision of the majority of four (Chief Justice TAYLOR *207 and Justices CORRIGAN, YOUNG, and MARKMAN) to extend its unjust and unfair holdings in Rory v Continental Ins Co, 473 Mich 457; 703 NW2d 23 (2005), and Devillers v Auto Club Ins Ass’n, 473 Mich 562; 702 NW2d 539 (2005), to the facts of this case. Rather than join the injustice of the majority opinion, I concur fully with, and join in, Justice Kelly’s thoughtful dissenting opinion. I vote to affirm the Court of Appeals judgment, which affirmed the trial court’s decision to deny defendant’s motion for summary disposition and grant the plaintiffs motion for summary disposition.
As it did in Rory[1] and Devillers,[2] the majority of four continues to overrule and undermine years of this Court’s well-developed and sound jurisprudence that has guided lower courts in cases involving disputes about insurance coverage. Under the guise of enforcing contracts as written, the majority abolishes judicial tolling of limitations periods in insurance contracts, a doctrine of fairness that has been in place since 1976, when this Court decided Tom Thomas Org, Inc v Reliance Ins Co, 396 Mich 588; 242 NW2d 396 (1976). The majority of four now overrules Tom Thomas, explaining that insurance contracts are not open to judicial construction.
*208 However, as I explained in my dissent in Rory,[3] an insurance contract is a unique form of contract that requires specialized rules of construction because the individual terms and clauses of an insurance contract are not typically subject to negotiation. In Rory, I stated:
These specialized rules recognize that an insured is not able to bargain over the terms of an insurance policy; indeed, it is common practice for the insured to receive the actual terms of the contract, the insurance policy itself, only after having purchased the insurance. Further, in most cases the average consumer will not read the policy; the consumer will rely on the agent’s representations of what is covered in the policy. Even if the insured were to read the policy, insurance policies are not easy to understand and contain obscure provisions, the meaning of which requires legal education to grasp.[4]
The doctrine of judicial tolling in insurance contracts is one of the specialized rules of equity that acknowledge and account for the difference in bargaining power, or lack thereof, between an insured and an insurer. As Justice KELLY aptly states, “it is a pragmatic doctrine that is fair to both insurers and insureds.”[5] By extending its decision from Devillers[6] to overrule Tom Thom *209 as, the majority of four does away with a doctrine that allowed for fairness in the insurance-claim negotiation process and leaves nothing in its place to ensure that insurers promptly take action to afford their insureds reasonable time to make decisions regarding legal action or the settlement of claims.
In this case, the latest example of the majority of four’s judicial activism in no-fault insurance cases, the majority of four abolishes judicial tolling of contractual limitations periods for insurance contracts. In doing so, the majority of four overrules more than 30 years of this Court’s precedent. Or, to borrow the majority’s rhetoric, the majority of four has replaced the “rule of law”[7] with the “rule of four justices.” Accordingly, I dissent.

 In Rory, the majority of four first held that insurance contracts are to be enforced using the same legal principles that are applied to any other contract. The Rory holding overruled at least 50 years of this Court’s precedent outlining how lower courts were to construe insurance-contract provisions using specialized interpretive rules.

 In Devillers, the majority of four overruled Lewis v Detroit Automobile Inter-Ins Exch, 426 Mich 93; 393 NW2d 167 (1986), a case that had allowed judicial tolling of the no-fault one-year-back provision of MCL 500.3145(1). Despite the practical hardships that the majority’s decision would inflict upon the insureds who had relied on the judicial tolling doctrine under Lewis, the majority gave its decision retroactive effect.

 Rory, 473 Mich at 516.

4 Id. at 516-517.

 Post at 210.

 I note that the majority is extending its decision from Devillers and not, as the majority alludes, ante at 200, simply restating its position from Devillers. The resolution oí Devillers hinged on statutory interpretation. The instant case involves contractual interpretation. Thus, any statements made in Devillers regarding contractual interpretation were dicta and not binding on this case. If the majority in Devillers intended to create a one-size-fits-all rule of law to apply no matter what set of facts is before a court, then the majority was legislating from the bench. Courts interpret laws and apply the laws to the facts before them. The Court of Appeals correctly applied the law from Tom Thomas to the facts of this *209 case because this case involves an insurance contract, for which Tom Thomas was binding precedent. The Court of Appeals followed the precedent of Tom Thomas and Court of Appeals precedent distinguishing Devillers’s statutory interpretation from cases involving the interpretation of contracts, such as West v Farm Bureau Gen Ins Co of Michigan (On Remand), 272 Mich App 58; 723 NW2d 589 (2006). When the majority criticizes the Court of Appeals for “blindly following Wesi’s questionable disregard for Devillers’s clear statement,” ante at 200, the majority shows a complete disregard for the basic proposition that different sets of facts necessitate different analyses of laws.

 Ante at 202.