ULRICH v FARM BUREAU INSURANCE

Docket No. 289467. Submitted April 13, 2010, at Lansing. Decided April
    29, 2010, at 9:10 a.m.

   Linda A. Ulrich brought an action on July 16, 2007, in the
   Washtenaw Circuit Court against Farm Bureau Insurance, Len
   H. Naylor, and Torron T. Jamerson, seeking damages recover-
   able under the no-fault automobile insurance act for injuries
   sustained in a motor vehicle accident on September 19, 2006,
   when a vehicle driven by Naylor and owned of Jamerson caused
   an accident that included the vehicle driven by plaintiff and
   insured by Farm Bureau. The complaint made no claim for
   uninsured motorist benefits. On January 8, 2008, plaintiff
   moved to amend her complaint to include claims for
   uninsured/underinsured coverage. Farm Bureau opposed the
   motion on the ground that plaintiff failed to comply with the
   policy by failing to assert a claim for uninsured motorist
   benefits within the one-year period provided in the insurance
   contract. Plaintiff claimed that the one-year period was void
   pursuant to a "Notice and Order of Prohibition Pursuant to
   MCL 500.2236(5)," Order No. 05-060-M, issued December 16,
   2005, by Chief Deputy Insurance Commissioner Frances K.
   Wallace, that disapproved no-fault insurance forms that pro-
   vided a contractual limitations period of less than three years
   for uninsured motorist coverage. Plaintiff's policy, which auto-
   matically renewed every six months without any modifications
   to the policy, had been renewed on September 11, 2006. The
   trial court, David S. Swartz, J., granted the motion to amend the
   complaint. Farm Bureau moved for summary disposition, which
   the trial court denied, holding that the claim was not barred by
   the one-year contractual limitation period because the amended
   complaint related back to the original complaint, and that the
   policy was subject to Order No. 05-060-M, because it was
   reissued after the date of Order No. 05-060-M. The Court of
   Appeals granted Farm Bureau's application for leave to appeal
   the order denying the motion for summary disposition.

      The Court of Appeals held:

1. Order No. 05-060-M prohibits policies that limit the time to file a claim or commence suit for uninsured motorist benefits to less than three years but it provides an exception where the insurer was legally using a policy with a limitations period of less than three years before the date of Order No. 05-060-M as long as the policy is not revised in any respect. The order contains no sunset provision or expiration date for forms currently in use and does not prescribe any prohibition on renewal. The trial court clearly erred by ruling that the contractual one-year limitations period was unenforceable.

2. There is no authority for applying the relation-back doctrine of MCR 2.118(D) to the contractual limitations period. Plaintiff's claim for personal injury protection insurance benefits and her legal action to recover those benefits cannot be reasonably construed as notice of a claim for uninsured motorist benefits provided to Farm Bureau within one year of the accident as required by the policy.

Reversed.

INSURANCE — CONTRACTS — NO-FAULT BENEFITS — UNINSURED MOTORIST BENEFITS.

An insured's notice of a claim for personal injury protection insurance benefits under the no-fault automobile insurance act is not a notice of a claim for uninsured motorist benefits under the act.

*Bredell and Bredell* (by *John H. Bredell*) for Linda A. Ulrich.

*Bowen, Radabaugh & Milton, P.C.* (by *Thomas R. Bowen* and *Mary Rourke Benedetto*), for Farm Bureau Insurance.

Before: SAAD, P.J., and HOEKSTRA and MURRAY, JJ.

SAAD, P.J. Defendant Farm Bureau Insurance appeals the trial court's order that denied its motion for summary disposition. We reverse.

### I. FACTS AND PROCEEDINGS

On December 16, 2005, the Office of Financial and

Insurance Services[1] (OFIS) issued a "Notice and Order of Prohibition Pursuant to MCL 500.2236(5)," Order No. 05-060-M (Order No. 05-060-M).[2] Order No. 05-060-M was signed by Chief Deputy Insurance Commissioner Frances K. Wallace. Order No. 05-060-M disapproved no-fault automobile insurance forms that provided a contractual limitations period of less than three years for claims for uninsured motorist coverage. The issue presented here is whether a one-year limitations period for uninsured motorist coverage claims is enforceable where the no-fault policy form predated the issuance of Order No. 05-060-M, but the policy was renewed after December 16, 2005.

Plaintiff held a no-fault automobile insurance policy issued by Farm Bureau (hereafter defendant). The continuous renewal policy renewed every six months without any modifications of the terms of the policy. Plaintiff's policy had renewed on September 11, 2006, and was scheduled to expire on March 11, 2007. The accident that gave rise to this action occurred on September 19, 2006. The policy provided uninsured motorist coverage in the amount of $100,000 per person and $300,000 per accident, subject to this condition:

> 3. Time Limitation for Action Against Us
>
> Any person seeking Uninsured Motorist Coverage must:
>
> a. present the claim for compensatory damages in compliance with all the Duties After an Accident or Loss listed

[1] Pursuant to Executive Order No. 2008-2, effective April 6, 2008, OFIS became known as the Office of Financial and Insurance Regulation. See *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 201 n 2; 747 NW2d 811 (2008).

[2] This order can be found in pdf format on the State of Michigan website at <http://www.michigan.gov/documents/Prohibition_Order_121605_145496_7.pdf> (accessed April 20, 2010).

> on page 4 of this policy and all other terms and conditions of this coverage and the policy; and
>
> b. present to us a written notice of the claim for Uninsured Motorist Coverage within one year after the accident occurs.
>
> A suit against us for Uninsured Motorist Coverage may not be commenced later than one year after the accident that caused the injuries being claimed, unless there has been full compliance with all the Duties After an Accident or Loss listed on page 4 of this policy and all other terms and conditions of this coverage and the policy.

Plaintiff's accident on September 19, 2006, involved defendant Len Henry Naylor, who drove an automobile owned by defendant Torron Thomas Jamerson. Plaintiff alleges that Naylor was driving at more than 90 miles per hour when he rolled his vehicle and caused a multi-car collision that included the vehicle driven by plaintiff. Plaintiff sustained a fractured wrist and other injuries in this collision.

On July 16, 2007, plaintiff brought this action against defendant, Jamerson, and Naylor for damages recoverable under the no-fault act. The complaint made no claim for uninsured motorist benefits. Jamerson and Naylor failed to respond, and plaintiff entered a default against them. On January 8, 2008, plaintiff moved to amend her complaint to include claims against defendant for uninsured/underinsured coverage under the policy. She stated that she sought uninsured motorist coverage because defendants Naylor and Jamerson failed to respond to plaintiff's complaint and defaults had been entered against them.[3] Plaintiff sought mon-

---

[3] Plaintiff has not provided documentation that either Naylor or Jamerson was uninsured for purposes of obtaining uninsured motorist coverage under defendant's policy. Apparently, her claim is based on the assumption that Naylor or Jamerson's no-fault carriers would deny any claim on the ground that their insureds defaulted.

etary relief under a count for breach of contract, and also declaratory relief that defendant was contractually obligated to provide the coverage. Defendant opposed the motion on the ground that plaintiff failed to comply with the contract by failing to assert a claim for uninsured motorist benefits within the one-year contractual limitations period. Defendant asserted that the amendment would prejudice defendant because it would violate the contractual provision requiring plaintiff to commence this litigation within one year of the date of the accident.

In response, plaintiff said that the one-year contractual limitations provision was void pursuant to the Insurance Commissioner's Order No. 05-060-M prohibiting one-year provisions for policies written after December 16, 2005. Plaintiff contended that this prohibition applied to the policy that was in effect on the date of the accident, because the policy period began on September 11, 2006, after the date of the Insurance Commissioner's Order No. 05-060-M. She also contended that defendant's reliance on the invalidated provision constituted a frivolous argument, warranting sanctions under MCR 2.114(F).

The trial court heard the motion to amend on March 26, 2008. The trial court granted plaintiff's motion, but noted that defendant's objection on the ground of untimeliness was preserved.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). It argued that there was no genuine issue of fact that the policy form in question had legally been in use since before the Insurance Commissioner issued Order No. 05-060-M. Defendant argued that the plain and unambiguous policy language barred coverage where the insured failed to bring her action for uninsured motorist coverage within the one-

year period following the date of loss. Defendant maintained that Order No. 05-060-M "expressly left in force contracts *already in effect*," as of December 16, 2005, and therefore did not abrogate the one-year limitations period in plaintiff's policy.[4] Defendant cited our Supreme Court's decision in *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 201; 747 NW2d 811 (2008), in support of its argument.

Plaintiff argued in response that Order No. 05-060-M voided the one-year contractual limitations period. Plaintiff asserted that her policy was reissued on September 11, 2006, and therefore was subject to Order No. 05-060-M. Alternatively, plaintiff also argued that she satisfied the policy's notice provision because she filed her lawsuit within one year from the date of the accident, and the amendment should relate back to that date. She stated that the original complaint included a third-party claim against the owner and the insured of the subject vehicle, which was sufficient to put defendant on notice that she would file an uninsured motorist coverage claim if these parties had no insurance coverage.

Defendant filed a reply and maintained that renewal of the policy after the issuance of Order No. 05-060-M did not invalidate the one-year contractual provision because the policy had been legally written before the order was issued. It also denied that plaintiff's action for personal injury protection benefits served as notice of a potential uninsured motorist claim.

---

[4] Defendant brought a separate motion for summary disposition on the ground that there was no genuine issue of material fact that plaintiff failed to establish a threshold injury under MCL 500.3135 and *Kreiner v Fischer*, 471 Mich 109; 683 NW2d 611 (2004). The trial court denied that motion. There is no issue on appeal concerning this motion.

Defendant also argued that plaintiff's original complaint failed to give defendant notice of the uninsured motorist claim.

The trial court determined that plaintiff's claim was not barred by the contractual limitations period because the amended complaint related back to the date of the original pleading under MCR 2.118(D). The court also concluded that *McDonald*, 480 Mich 191, did not apply retroactively. Finally, it determined that the no-fault policy was subject to Order No. 05-060-M because the policy was reissued on September 11, 2006, after the date of the order. The trial court denied defendant's motion in an order dated November 26, 2008. We granted defendant leave to bring an interlocutory appeal.[5]

## II. LEGAL ANALYSIS

In reviewing a trial court's decision to deny or grant a motion for summary disposition under MCR 2.116(C)(10), we review " 'the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Odom v Wayne Co*, 482 Mich 459, 466-467; 760 NW2d 217 (2008), quoting *Brown v Brown*, 478 Mich 545, 551-552; 739 NW2d 313 (2007).

This appeal stems from the controversy regarding the enforceability of contractual limitations clauses in no-fault automobile insurance policies. In *Tom Thomas*

---

[5] Plaintiff and defendant subsequently executed a settlement regarding her claim for personal injury protection benefits. This agreement expressly did not affect plaintiff's claim for uninsured motorist benefits.

*Org, Inc v Reliance Ins Co*, 396 Mich 588; 242 NW2d 396 (1976), our Supreme Court adopted the judicial tolling doctrine, which provides that an insurance policy's contractual period of limitations is tolled from the date that the insured submits a claim to the insurer until the date that the insurer denies the claim. *Id.* at 596-597. In *Tom Thomas Org*, the Court declined to also consider whether a one-year limitations period was unconscionable or inherently unreasonable. *Id.* at 597.

But, in *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005), the Michigan Supreme Court overruled *Tom Thomas* and held that courts may not rewrite insurance policies on grounds of "reasonableness." In *Rory*, the Michigan Court of Appeals held that an insurance policy's one-year limitations period for claims for uninsured motorist coverage was unenforceable because it was unreasonable to require the insured to discover the other driver's insurance status and other relevant information within a year of the accident. *Rory v Continental Ins Co*, 262 Mich App 679, 686-687; 687 NW2d 304 (2004). The Supreme Court reversed this Court's decision, and held that unambiguous contracts must be enforced as written, and not abrogated on the basis of a court's "independent assessment of 'reasonableness.' " *Rory*, 473 Mich at 468-469. The Court noted that MCL 500.2236(5) conferred on the Insurance Commissioner the discretion to " 'disapprove, withdraw approval or prohibit the issuance, advertising, or delivery' " of any insurance form that " 'contains exceptions and conditions that unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the policy.' " *Rory*, 473 Mich at 474 (emphasis omitted). It held that "the Legislature has assigned the responsibility of evaluating the 'reasonableness' of an insurance contract to the person within the executive branch charged with re-

viewing and approving insurance policies: the Commissioner of Insurance." *Id.* at 475. "In this instance, the Commissioner has approved the Continental policy form containing the shortened limitations provision for issuance and use in the state of Michigan." *Id.*

On December 16, 2005, Chief Deputy Insurance Commissioner Frances K. Wallace signed Order No. 05-060-M. Citing her statutory authority[6] to disapprove objectionable policy forms, the commissioner determined that a one-year limitations period for claims for uninsured motorist coverage was unreasonable because it does not allow the insured sufficient time to confirm whether the responsible party was insured on the day of the accident. The commissioner stated as follows:

> Under these circumstances, policyholders who purchase optional uninsured motorist benefits with a limitation of less than three years to file claims or commence suit for those benefits will often be paying for coverage that is illusory as a practical matter. Such a provision is "misleading" and "unreasonably or deceptively affect(s) the risk purported to be assumed in the general coverage of the policy" within the meaning of section 2236(5). [Order No. 05-060-M, p 4.]

The commissioner declared the following prohibition:

> Accordingly, effective immediately on the date of this order, *Insurance Company Name* shall not issue, advertise, or deliver to any person in this state a policy or rider that limits the time to file a claim or commence suit for uninsured motorist benefits to less than three years unless *Insurance Company Name* was legally using that policy or rider form in Michigan prior to the date of this notice and order of prohibition. Moreover, *Insurance Company Name* shall not modify in any respect a policy form or rider containing a provision that limits the time to file a claim or commence suit for uninsured motorist benefits to less than

---

[6] MCL 500.2236(5).

three years that it was legally using in Michigan prior to this notice and order of prohibition and thereafter issue, advertise, or deliver the revised policy form or rider in this state, unless the limitation is deleted entirely or is changed to not less than three years from the date of the accident.

This notice and order of prohibition does not prohibit *Insurance Company Name* from continuing to use any policy form or rider that it may have been legally using in Michigan prior to the date of this notice of prohibition containing a limitation of less than three years to claim or file suit for uninsured motorist benefits, so long as such policy or rider is not revised in any respect. The Commissioner is currently considering what action is appropriate with regard to those policies or riders in use before the date of this notice and order. The Commissioner may withdraw approval of those forms as provided in section 2236(5) at a future time. [Order No. 05-060-M, pp 4-5.]

Here, there is no question of fact that the policy predated the issuance of Order No. 05-060-M. Plaintiff argues, however, that the order applies because her policy was "rewritten" when it was renewed on September 11, 2006.

In *McDonald*, 480 Mich at 193, 200-201, our Supreme Court rejected the insured's argument that her no-fault policy's one-year contractual limitations period for underinsured motorist coverage was tolled from the time she presented a claim to the insurer until the time that the insurer denied the claim. In its analysis, the Court considered the plaintiff's argument that Order No. 05-060-M established a public policy against enforcing contractual limitations periods shorter than three years. *Id.* at 201. The Court rejected this argument, stating as follows:

[T]he "Notice and Order" also expressly states that it does not prohibit insurers from continuing to use policies that were legally in use before December 16, 2005. Moreover, the general rule is that contracts are interpreted in

accordance with the law in effect at the time of their formation. See, e.g., *Byjelich v John Hancock Mut Life Ins Co*, 324 Mich 54, 61; 36 NW2d 212 (1949). Thus, the one-year limitation was valid at the time the parties entered into the contract. [*McDonald*, 480 Mich at 201.]

The majority noted that the OFIS had the authority to determine whether an insurance contract was valid, and the order "expressly left in force contracts already in effect." *Id.* at 202. The accident in *McDonald* occurred in 2001, before Order No. 05-060-M was issued. *Id.* at 194. Similarly, in *McGraw v Farm Bureau Gen Ins Co of Mich*, 274 Mich App 298, 304-305; 731 NW2d 805 (2007), this Court held that OFIS Notice and Order of Prohibition No. 06-008-M, issued April 4, 2006, which imposed the same restrictions for underinsured motorist coverage, did not retroactively invalidate one-year contractual limitations periods in policies that were already in effect. Again, in *McGraw*, the insured's claim arose before Order No. 06-008-M was issued. *Id.* at 300.

Although *McDonald*, 480 Mich 191, and *McGraw*, 274 Mich App 298, are instructive, they do not address the precise question presented here of whether Order No. 05-060-M prohibits the renewal of grandfathered policies after December 16, 2005. In both *McDonald* and *McGraw*, the insureds' claims arose before the commissioner's orders were issued. Plaintiff contends that under the automatic renewal process for her own policy, once the policy period expires and the policy is renewed, the renewed policy becomes subject to the requirements of Order No. 05-060-M. This is a misreading of Order No. 05-060-M.

Order No. 05-060-M prohibits the issuance, advertisement, or delivery of policies or riders that limit the time to file a claim or commence suit for uninsured motorist benefits to less than three years, but it unam-

biguously provides an exception where the insurer "was legally using that policy or rider form in Michigan prior to the date of this notice and order of prohibition." The order prohibits the modification of such forms, but it does not prohibit their renewal or reissuance. Indeed, the language of the order further states that an insurer is not prohibited "from continuing to use any policy form or rider that it may have been legally using in Michigan prior to the date of this notice . . . so long as such policy or rider is not revised in any respect." Moreover, the order indicates that the commissioner was "currently considering what action is appropriate with regard to those policies or riders in use before the date of this notice and order" and commented that it "*may* withdraw approval of those forms as provided in section 2236(5) at a future time." (Emphasis added.) The order contains no sunset provision or expiration date for forms currently in use, nor does it prescribe any prohibition on renewal. Plaintiff's argument is based on an attempt to read terms into the order that are not expressed, or even implied, by its plain language.

And, importantly, the order specifically states that the commissioner was not, at that time, taking any action with respect to the grandfathered policies and riders. The order further provides that future action, including withdrawal of approval, was under consideration. These provisions are clearly inconsistent with plaintiff's preferred interpretation of the order. The trial court clearly erred by ruling that defendant's one-year contractual limitations period was unenforceable.

Plaintiff also argues that her claim for uninsured motorist benefits was timely because it related back to the original complaint, which was filed within the one-year period. MCR 2.118(D) provides as follows:

> An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

The relation-back doctrine applies to amended pleadings and may affect the analysis of the timeliness of an action for purposes of compliance with statutes of limitations. *Doyle v Hutzel Hosp*, 241 Mich App 206, 212 n 2; 615 NW2d 759 (2000). However, defendant does not assert that plaintiff's uninsured motorist claim is untimely pursuant to a statute of limitations, but rather that it is untimely under the contractual limitations period stated in the policy. Plaintiff cites no authority for applying the relation-back doctrine of MCR 2.118(D) to contractual limitations periods. And, there is no authority for the proposition, because to apply the relation-back doctrine in this context would be inconsistent with the principle of applying private contracts in accordance with their terms as stated in unambiguous language. See *Rory*, 473 Mich at 465-468, which held that the rights and limitations contained in an uninsured motorist insurance provision are purely contractual and are to be construed employing the principles of contract construction and without reference to external statutes. See also *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 31-32; 772 NW2d 801 (2009), which held that "[a]pplication of the doctrine of equitable tolling to contractual limitations periods would be inconsistent with the deference afforded to parties' freedom to contract, including the freedom to avoid, by contract, what might otherwise be an applicable rule of law." Moreover, the policy requires the insured to present defendant written notice of a claim for uninsured motorist coverage within one year after the accident occurs. It further provides that a legal

action for uninsured motorist coverage "may not be commenced later than one year after the accident that caused the injuries being claimed, unless there has been full compliance with all the Duties After an Accident or Loss listed on page 4 of this policy and all other terms and conditions of this coverage and the policy." Assuming, arguendo, that the relation-back doctrine enabled plaintiff to avoid the one-year limitation for legal action for uninsured motorist coverage, her failure to present a written claim for that coverage to defendant within the one-year period would nonetheless bar her claim for relief. Plaintiff's claim for personal injury protection insurance benefits, and her legal action to recover the same, cannot be reasonably construed as notice of a claim for uninsured motorist benefits.

### III. CONCLUSION

Plaintiff's claim for uninsured motorist coverage is barred by her policy's one-year contractual limitation provision and the trial court incorrectly held that this provision was voided by Order No. 05-060-M.

Accordingly, we reverse the trial court's order that denied Farm Bureau Insurance's motion for summary disposition.