Markman, J.
(dissenting). It is well established that “ ‘competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts.’ ” Terrien v Zwit, 467 Mich 56, 71 (2002), quoting Twin City Pipeline v Harding Glass 283 US 353, 356 (1931); see also Port Huron Ed Ass’n v Port Huron Area School Dist, 452 Mich 309, 319 (discussing the “ ‘fundamental policy of freedom of contract,’ ” under which “ ‘parties are generally free to agree to whatever specific rules they like’ ”) (citation omitted). By denying leave to appeal in this case, the majority disregards this principle.
Meadowbrook wrote and sold insurance policies for Citizens. Genesee Foods Services, Inc. (GFS), bought one of these policies from Meadow-brook. GFS’s facility was destroyed in a fire. GFS settled its claim against *911 Citizens, and signed a release in favor of Citizens and all its agents. GFS then brought this action against Meadowbrook, and the trial court denied Meadowbrook’s motion for summary disposition. In a published and split decision, the Court of Appeals affirmed. Genesee Foods Services, Inc v Meadowbrook, Inc, 279 Mich App 649 (2008).
(A) The release pertains to “each of [Citizens’]... agents”; (B) Meadowbrook is one of these agents as evinced by the fact that it had entered into an agreement with Citizens stating, “By signing this agreement you become an agent for the companies indicated above,” and “Citizens” is one of the companies indicated above; and (C) therefore, the release pertains to Meadowbrook.
The Court of Appeals held that although Meadowbrook “signed an agreement to become an agent for Citizens,” id. at 660, Meadowbrook’s “primary fiduciary duty of loyalty rested with [GFS].” Id. at 656. However, the release here applies to “each” of Citizens’ agents. Thus, the pertinent question is not to whom does Meadowbrook owe a greater or lesser fiduciary duty, but only whether Meadowbrook is Citizens’ “agent.” Because Meadowbrook indisputably is Citizens’ agent, the release applies to Meadowbrook. The contract here could not be more clear. Furthermore, I am not aware of any authority, and the concurring justice cites none, that supports the proposition that the party signing a release must know who all of the other party’s agents are in order to release all those agents from liability.
While the instant contract in dispute may not seem to be of great consequence beyond the parties, it is entirely typical of thousands of such contracts freely entered into by “competent persons” throughout this state each day. And it is essential to the rule of law that these contracts be respected and that this Court provide the leadership and direction to ensure that this occurs. Although it is well established that “courts cannot rewrite the parties’ contracts,” McDonald v Farm Bureau Ins Co, 480 Mich 191, 197 (2008), the majority today allows the Court of Appeals to do just that. Accordingly, I would reverse the Court of Appeals judgment.
Corrigan and Young, JJ. We join the statement of Justice Markman.