# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DOE,

        Plaintiff-Appellant,

v

WENDALL A. RACETTE,

        Defendant-Appellee.

FOR PUBLICATION
October 27, 2015

No. 322150
Ingham Circuit Court
LC No. 12-001289-NI

Before: M. J. KELLEY, P.J., and MURRAY and SHAPIRO, JJ.

MURRAY, J. (*concurring*).

I concur in the majority opinion's conclusion to affirm the trial court's order granting defendant's motion for summary disposition on the basis of the statute of limitations. MCR 2.116(C)(7). More specifically, I concur in the majority opinion's holding that defendant cannot be equitably estopped from asserting the statute of limitations because under the undisputed facts, plaintiff did not bring suit within a reasonable amount of time after the coercive effect of defendant's alleged threat ended. Because that conclusion is alone sufficient to reject plaintiff's attempt to invoke equitable estoppel, it is unnecessary to engage in any discussion as to whether a threat of murder can alone be sufficient to meet the first prong of the test for equitable estoppel as articulated in *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 204-205; 747 NW2d 811 (2008).

In addition, even if it were a proper subject of inquiry, it is not clear that plaintiff has established the first prong of equitable estoppel. As defendant argues and the majority opinion recognizes, there is nothing in the record indicating that defendant's alleged threat to kill plaintiff or harm his sisters while they were patients of defendant, induced plaintiff to believe that the limitations period would not be enforced. According to *McDonald*, that is one of the necessary proofs. *Id*. And outside the insurance context of *McDonald*, our Court has recently stated that the first element requires proof of "a false representation or concealment of a material fact." *Genesee County Drain Comm'r v Genesee County*, 309 Mich App 317, 333; __ NW2d __ (2015), quoting *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263, 270; 562 NW2d 648 (1997). A threat, even a threat of murder, is neither a false representation nor does it involve the concealment of a material fact. See, e.g., *Hollander v Brown*, 457 F3d 688, 694-695 (CA 7, 2006) (holding under a broader Illinois equitable estoppel doctrine that a threat of murder is neither a misrepresentation nor a concealment of evidence).

-1-

For these reasons, plaintiff's failure to file suit within a reasonable time after the coercive effect of the alleged threat was made requires us to reject plaintiff's attempted invocation of equitable estoppel and to affirm the trial court's order of dismissal.


/s/ Christopher M. Murray