*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF HERMANN A VON GREIFF.

---

CARLA J. VON GREIFF,

      Petitioner-Appellee,

v

ANNE JONES-VON GREIFF,

      Respondent-Appellant.

FOR PUBLICATION
April 23, 2020

No. 347254
Marquette Probate Court
LC No. 18-034046-DE

---

Before: MARKEY, P.J., and GLEICHER and M. J. KELLY, JJ.

M. J. KELLY, J. *(dissenting).*

MCL 700.2801(2)(e)(*i*)—as written by the Legislature—causes an unjust result when applied to the facts of this case. But the statute is clearly written and recent, binding precedent from our Supreme Court requires that we follow it. Accordingly, I respectfully dissent.

MCL 700.2801(2)(e)(*i*) provides:

> (2) For purposes of parts 1 to 4 of this article and of section 3203, a surviving spouse does not include any of the following:
>
> * * *
>
> (e) An individual who did any of the following for 1 year or more before the death of the deceased person:
>
> *(i) Was willfully absent from the decedent spouse.*

Relying upon "common sense," the "common law," the maxim *expressio unius est exclusio alterius*, as well as caselaw and statutes from sister states rather than the unambiguous language of the statute, the majority proclaims that, because "it is nonsensical to believe that the Legislature intended that pure serendipity would dictate whether Anne was disinherited," MCL

-1-

700.2801(2)(e)(*i*) is "inapplicable to the period of time consumed by divorce proceedings." I disagree.

Our Supreme Court has already provided binding guidance on the interpretation of MCL 700.2801(2)(e)(*i*), and unlike the majority's interpretation, the Supreme Court relied upon the plain language of the statute. In *In re Estate of Erwin*, 503 Mich 1, 9; 921 NW2d 308 (2018), the Court stated that

> an individual is not a surviving spouse for the purposes of MCL 700.2801(2)(e)(*i*) if he or she intended to be absent from his or her spouse for the year or more leading up to the spouse's death. Absence in this context presents a factual inquiry based on the totality of the circumstances, and courts should evaluate whether complete physical and emotional absence existed, resulting in an end to the marriage for practical purposes. The burden is on the party challenging an individual's status as a surviving spouse to show that he or she was "willfully absent," physically and emotionally, from the decedent spouse. [*Erwin Estate*, 503 Mich at 27-28.]

Here, it is factually undisputed that Anne was both physically and emotionally absent from Hermann, her decedent spouse, for over a year prior to his death. Anne testified that when Hermann died "we were already divorced" and were just "waiting for the final judgment." She further testified that from May 18, 2017 until Hermann's death on June 17, 2018, they lived as a divorced couple. She even obtained an ex parte order prohibiting Hermann from living in the martial home.[1] In addition, Anne unequivocally stated that she did not provide Hermann with any direct emotional support after May 18, 2017. The following excerpt of Anne's testimony— quoted by the probate court in its findings of fact—is telling:

> *Q*. . . . Okay. And Ms. Jones-VonGreiff, you had no direct personal contact with Hermann VonGreiff after May 18, 2017, is that correct?
>
> *A*. Correct.
>
> *Q*. Okay. And that includes no physical contact, no telephone contact, or other direct contact with Hermann?
>
> *A*. No.
>
> *Q*. Is that correct?

---

[1] Eventually the parties stipulated to amend the ex parte order. Under the amended order, Hermann was still excluded from living in the martial home, but was permitted to return to it to collect personal items, so long as he gave Anne notice. The fact that there was an ex parte order that was turned into a stipulated order, does nothing to negate Anne's admissions that she was physically and emotionally absent from Hermann for over a year prior to his death.

*A.* Correct.

*Q.* Thank you. Additionally, after May 18, 2017, the only emotional support you alleged to have offered Hermann was via text messages to Hermann's daughter, Carla, is that correct?

*A.* Correct.

*Q.* Okay. And you ceased sending those messages to Carla on May 31, 2017, correct?

*A.* Correct.

*Q.* Okay. And so based on your testimony, you had no physical contact with Hermann VonGreiff after May 18, 2017 and offered no emotional support to him after May 31, 2017, correct?

*A.* Correct.

The probate court was entitled to credit Anne's testimony and find that Anne intended to be completely physically and emotionally absent from Hermann starting on May 18, 2017 when she left the marital home and continuing without interruption through and even beyond his death on June 17, 2018. It was during this period of time that she filed for divorce and obtained exclusive occupancy of the home and Hermann underwent a serious surgical procedure that resulted in his aftercare taking place in a succession of different facilities.

Because the divorce was not finalized before Hermann's death, there will be no judicial division of the martial estate. And because Hermann died more than a year after Anne was physically and emotionally absent from him, she is disinherited under MCL 700.2801(2)(e)(*i*). This is the unfortunate, yet proper result of applying the statute as it is written. It creates an injustice to Anne, as it would to any other divorcing spouse in a similar situation.

Rather than follow the majority's approach of disregarding the language of the statute and the *Erwin* Court's interpretation of it, I would instead affirm the probate court. That the judiciary is tasked with interpreting, and not rewriting, the laws enacted by Legislature is a tenet firmly established in our jurisprudence. See *McGhee v Helsel*, 262 Mich App 221, 226; 686 NW2d 6 (2004) (noting that this Court "may not rewrite the plain language of the statute and substitute [its] own policy decisions for those already made by the Legislature." ); see also *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 199-200; 747 NW2d 811 (2008) (stating that courts "are not to rewrite the express language of statutes"). The remedy to any injustice caused by this statute must come from the Legislature and not from a panel of this court.

In its effort to wiggle free from the constraints of the statutory language, the majority begins with a review of the common law. This is unwarranted. The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., is a comprehensive statutory creation. As a result, it supersedes the common law. See *Hoertsman Contracting Co, Inc v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006) ("In general, where comprehensive legislation prescribes in detail a course of conduct to pursue and the parties and things affected, and designates specific

limitations and exceptions, the Legislature will be found to have intended that the statute supersede and replace the common law dealing with the subject matter.") (quotation marks and citation omitted). Thus, the majority's reliance on the common law—let alone the common law of foreign jurisdictions—is therefore unnecessary and inappropriate. It does not matter that the common law recognizes a distinction between a divorcing couple and a couple living separately due to one party's desertion of the marriage. Under the comprehensive statutory framework set forth in EPIC, that distinction is irrelevant when determining whether a surviving spouse will be disinherited under MCL 700.2801.

I find equally unavailing the majority's reliance on the 2017 amendment to MCL 700.2801 that added subdivision (3). MCL 700.2801(3) provides:

> (3) For purposes of section 3206[, which addresses funeral arrangements], a surviving spouse does not include either of the following:
>
> (a) An individual described in subsection (2)(a) to (d).
>
> *(b) An individual who is a party to a divorce or annulment proceeding with the decedent at the time of the decedent's death.*

The majority believes that by adding MCL 700.2801(3)(b), the Legislature implied that under *all* other circumstances, an individual who is party to a divorce proceeding with the decedent when the decedent dies *is* a surviving spouse. This deduction is reached, the majority assures us, under the principle of *expressio unius est exclusio alterius*.[2] But this canon of construction cannot be employed if doing so would defeat the statute's clear legislative intent. *AFSCME Council 25 v Detroit*, 267 Mich App 255, 260; 704 NW2d 712 (2005).

Here, the legislative intent is clear: an individual is not considered a surviving spouse under MCL 700.2801(2)(e)(*i*) if he or she was willfully absent from the decedent spouse for a year or more preceding the decedent's death. And as explained in MCL 700.2801(3)(b)—without regard to whether a spouse has or has not been willfully absent for the requisite period of time—if the spouse is in the process of a divorce, he or she is never considered a surviving spouse for the purposes of making funeral arrangements. It is not the case, however, that all divorcing spouses are willfully absent for a year prior to the death of their spouse. Some spouses might start divorce proceedings but remain physically present; others might be physically absent, but emotionally supportive. Moreover, an individual who is willfully absent from the decedent spouse for *less* than a year, would still be considered a surviving spouse under MCL 700.2801(2)(e)(*i*), but would not be considered a surviving spouse for purposes of funeral arrangements under MCL 700.2801(3)(b). Because the two sections cover different circumstances, it is improper to apply the legislative exclusion that the legislature expressly set

---

[2] The maxim "*expressio unius est exclusio alterius*"—the expression of one thing is the exclusion of others—is understood to mean that the express mention of one thing in a statute implies the exclusion of other similar things. *Johnson v Recca*, 492 Mich 169, 176 n 4; 821 NW2d 520 (2012).

forth for surviving spouses when addressing funeral arrangements and graft it onto the MCL 700.2801(2)(e)(*i*) to frustrate the plainly stated legislative intent. Whether a divorcing spouse is "willfully absent" or is *not* "willfully absent," MCL 700.2801(3)(b) states only that they will never be considered a surviving spouse.

Rather than interpreting the statute, the majority rewrites it to suit the majority's policy preferences. I would apply the actual language of the statute, not the majority's rewrite of it. Under the actual language of the statute, an individual is not a surviving spouse if: (1) for a year or more before the decedent's death (2) he or she was willfully absent from the decedent spouse. In contrast, under the majority's reasoning, the statute is rewritten to disinherit a surviving spouse if: (1) for a year or more before the decedent's death (2) he or she is willfully absent from the decedent spouse, and (3) he or she is not in the process of obtaining a divorce or annulment from the divorcing spouse.

Furthermore, while it is true MCL 700.2801 was amended to add a third section dealing with funeral arrangements, this does not lend support to the argument that the legislature meant something other than what the seven words they chose to put into section MCL 700.2801(2)(e)(*i*) plainly say. If anything, it lends support to the opposite conclusion: that the Legislature considered the statute, noted that it needed amendment by way of section (3), and chose *not* to amend § (2)(e)(*i*). If the Legislature is reflective of society at large, then nearly half of its members have been through the unhappy process of a divorce, and, even if they have not, it is hardly a secret that a divorce case often can linger for more than a year in court. Yet, even in amending the statute, the Legislature chose to leave section (2)(d)(*i*) as it was. The simple truth is we do not know what their intent was when they amended the statute, and this fact requires us to be agnostic on the question.

If the Legislature so desires, it can expressly state that a divorcing spouse is not disinherited by statute if his or her spouse dies before a final judgment of divorce is entered. I encourage our legislators to do so. But they have not done so, and it is not the place of the judiciary to rewrite the plain language of this or any other statute enacted by the Legislature. Therefore, because the statute itself is clear and it makes no provision or exception for spouses going through a divorce, we must apply the statute as it is written, and leave the task of amending the statute to the Legislature.

/s/ Michael J. Kelly