*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE EVANS, JR.,

        Plaintiff-Appellant,

and

PHYSIATRY & REHAB ASSOCIATES, doing business as COLUMBIA CLINIC PAIN & SPINE INSTITUTE, and CAPITAL HEALTHCARE, LLC, also known as CAPITAL SURGERY CENTER,

        Intervening Plaintiffs,

v

AVIS BUDGET CAR RENTAL, LLC, and PV HOLDING CORPORATION,

        Defendants-Appellees.

UNPUBLISHED
August 10, 2023

No. 361909
Macomb Circuit Court
LC No. 2020-000368-NF

Before: BOONSTRA, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition to defendants, Avis Budget Car Rental, LLC (Avis), and PV Holding Corporation (PV Holding, and collectively with Avis, "defendants"). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On December 11, 2018, plaintiff was in a motor vehicle accident while driving a rental car that his then-girlfriend, Nicole Brimm, had rented from Avis. Above Brimm's signature on the rental agreement was language stating, in pertinent part, "[n]o additional drivers allowed without prior written consent." It was undisputed that Brimm never attempted to obtain such consent or to have plaintiff listed as an authorized driver of the rental car. After the accident, Brimm continued to regularly rent vehicles from Avis, and both plaintiff and Brimm would drive them. Brimm testified at her deposition that, for several years, she had rented cars for plaintiff to drive.

-1-

In November 2020, plaintiff filed a complaint alleging that (1) on December 11, 2018, plaintiff was driving a car owned by Avis when he was involved in a collision and sustained serious bodily injuries within the scope of MCL 500.3105, (2) defendants were obligated to provide plaintiff with personal protection insurance (PIP) benefits as the no-fault insurers of the rental car, (3) defendants were previously paying certain no-fault PIP benefits on behalf of plaintiff, but those payments had since been unlawfully terminated, and (4) plaintiff had suffered damages as a proximate and direct result of defendants' refusal to timely pay the insurance claims in full. Defendants filed an answer generally denying the allegations in the complaint, except their ownership of the rental car, and raising as affirmative defenses that plaintiff had failed to state a claim on which relief could be granted, that plaintiff was unable to recover PIP benefits under the no-fault act, and that plaintiff had made misrepresentations of material fact to defendants.

Following discovery, defendants moved for summary disposition under MCR 2.116(C)(10). Defendants asserted that there was no genuine issue of material fact concerning whether plaintiff was entitled to recover no-fault PIP benefits under MCL 500.3113(a) because plaintiff had "unlawfully taken" the rental vehicle and, inasmuch as he was not listed as an authorized driver under the Avis rental agreement, plaintiff "knew or should have known" that the car was taken unlawfully. Plaintiff responded that there was a question of fact regarding whether his conduct constituted an "unlawful taking" under MCL 500.3113(a), because plaintiff had no reason to believe that he lacked the authority to drive the rental vehicle as he and Brimm consistently rented cars for the past several years for plaintiff's use.

The trial court granted defendants' motion, determining that there was no genuine factual dispute regarding whether plaintiff had "unlawfully taken" the vehicle rented to Brimm, or whether plaintiff "knew or should have known" that the vehicle had been taken unlawfully. The trial court held that the fact that plaintiff was a named driver on the automobile insurance policy that insured a separate vehicle owned by Brimm[1], and that Brimm regularly rented cars on plaintiff's behalf, did not demonstrate that Avis had given plaintiff permission to drive the rental car. The trial court further held that because plaintiff knew that Brimm did not own the rental car, plaintiff could not "merely presume or suppose that he had permission to take the property of a third party[,]" and that plaintiff had an obligation to understand the scope of his permission to drive the vehicle under the Avis rental agreement. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision whether to grant a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 159-160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. at 160. "A genuine issue of

---

[1] Brimm testified at her deposition that she owned a vehicle, but nonetheless regularly rented vehicles for both herself and plaintiff to drive.

material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id.*, quoting *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citation omitted).

We review de novo issues of statutory interpretation. *Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 457; 965 NW2d 232 (2020). We also review de novo the interpretation of contract language. *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendants' motion for summary disposition, because there was a genuine issue of material fact regarding whether plaintiff's use of the motor vehicle rented by Brimm constituted an "unlawful taking" under the Michigan Penal Code (which would prohibit plaintiff from recovering no-fault PIP benefits under MCL 500.3113(a)). Plaintiff further argues that defendants failed to demonstrate that plaintiff "knew or should have known" that his operation of the rental vehicle was unlawful. We disagree.

The no-fault act, MCL 500.3101 *et seq*, requires a no-fault automobile insurer to provide PIP benefits for certain injuries related to a motor vehicle. *Kemp v Farm Bureau Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). "The no-fault act's initial scope of coverage for PIP benefits is set forth in MCL 500.3105(1), which provides that under 'personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.' " *Id.*, quoting MCL 500.3105(1). However, "[t]he no-fault act permits an insurer to avoid coverage of PIP benefits under certain enumerated circumstances," such as those set forth in MCL 500.3113(a). *Meemic Ins Co v Fortson*, 506 Mich 287, 303; 954 NW2d 115 (2020).

MCL 500.3113(a) provides, in pertinent part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully.

In *Ahmed v Tokio Marine Am Ins Co*, 337 Mich App 1, 10; 972 NW2d 860 (2021), this Court established a three-prong test to evaluate claims under MCL 500.3113(a), and determined that "the disqualification applies to any person (1) 'willingly operating or willingly using a motor vehicle or motorcycle' that (2) was unlawfully taken by someone, and (3) the person seeking benefits 'knew or should have known' that the motor vehicle was taken unlawfully."

It is undisputed that plaintiff was willingly operating the motor vehicle involved in the underlying collision. Therefore, the fundamental issues at summary disposition were whether plaintiff had "unlawfully taken" the rental car and whether plaintiff "knew or should have known" that the vehicle was taken unlawfully. "[I]f the taking was lawful, the inquiry ends because the

statute [MCL 500.3113(a)] is inapplicable." *Id*. at 19. As used in MCL 500.3113(a), the word "unlawfully" can mean "contrary to Michigan law," *Spectrum Health Hosps v Farm Bureau Mut Ins Co*, 492 Mich 503, 516-517; 821 NW2d 117 (2012), meaning that "any person who takes a vehicle contrary to a provision of the Michigan Penal Code has taken the vehicle unlawfully for purposes of MCL 500.3113(a)," *id*. at 509. Alternatively, "[b]ecause a taking does not have to be larcenous to be unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to anyone who takes a vehicle without the authority of the owner." *Id*. at 518.

Plaintiff argues that defendants failed to establish that he had "unlawfully taken" the rental car under MCL 500.3113(a), because plaintiff was a named driver on Brimm's automobile insurance policy, plaintiff had a valid driver's license at the time of the accident, and Brimm had regularly rented vehicles on plaintiff's behalf. However, the binding rental agreement between Avis and Brimm explicitly prohibited additional drivers from operating the rental vehicle without the written consent of Avis. In support of their motion for summary disposition, defendants provided the affidavit of Charles Buttigieg, the Avis representative who had assisted Brimm with the car rental process. Buttigieg averred that (1) Avis required its employees to "ask the customer if there will be additional drivers, which is an additional charge[,]" (2) "[f]or each additional driver identified, Avis require[d] that the driver produce a driver's license to verify that the license [wa]s valid and not expired[,]"and (3) if Brimm had informed Buttigieg that "there was another driver of the [rental car], [he] would have required the other driver to be physically present at the Avis rental agency location and produce a valid driver's license[,]" in addition to the payment of an additional driver fee, which would have been designated and priced on the "Your Optional Products/Services" section of the rental receipt. No such additional driver fee appears on the receipt.

This Court has previously found a breach of the vehicle rental agreement between two parties to be conclusive proof of a party's unauthorized, and therefore unlawful, use of a motor vehicle. See *Ahmed*, 337 Mich App at 13 (stating "there also [wa]s no question that plaintiff's use and operation of the car was without the authority of Meade Lexus, the owner, because the rental agreement prohibited an unlicensed person from driving it"). As the trial court stated, the owner of the vehicle was Avis, not Brimm, and Avis did not give plaintiff express or implied permission to drive the rental vehicle. To the contrary, the clear language of the rental agreement stated that no "additional drivers are allowed without prior written consent." Therefore, we agree with the trial court that there is no genuine issue of fact that plaintiff took the rental vehicle unlawfully. *Spectrum Health Hosps*, 492 Mich at 518.

Plaintiff also argues that defendants presented insufficient evidence to demonstrate that plaintiff "knew or should have known" that he did not have permission to drive the rental vehicle because the deposition testimony established that Brimm had an extensive history of renting vehicles, particularly from Avis, in order to provide plaintiff with transportation. We disagree.

Plaintiff's subjective belief that he had permission to use the rental vehicle was not sufficient to demonstrate that he did not take the vehicle unlawfully. *Ahmed*, 337 Mich App at 24. A plaintiff's actual knowledge of his lack of authorization is not necessary, "so long as a plaintiff should have known that he or she was taking a motor vehicle contrary to the owner's directives." *Id*. at 25. This Court held in *Ahmed* that summary disposition in favor of the insurer was appropriate when the plaintiff knew that the car was rented, even if the plaintiff had not read the

terms of the rental agreement, because the plaintiff was "obligated to determine the scope of the authorization that the owner, Meade Lexus, had set under the rental agreement for a nonparty such as himself to take and drive the car." *Id*. at 26. Moreover, "[t]he mere assumption or supposition that it must be permissible to take a third party's property, without more, does not satisfy the 'should have known' standard of MCL 500.3113(a)." *Id*. at 27.

*Ahmed* compels the same result in this case. Plaintiff's deposition testimony established that he was aware that the vehicle he was operating was a rental car and was not owned by Brimm. While plaintiff asserts it was wholly unreasonable to suggest that he "knew or should have known" that he lacked permission to operate the rental car because of the extensive history of Brimm renting out vehicles on plaintiff's behalf, that history, if anything, supports the trial court's conclusion. Because plaintiff was highly familiar with the process of renting vehicles, particularly from Avis, he should have known that "a person may not simply take what he knows to be another's property without taking any steps to determine if the owner authorized the taking." *Id*. at 26. Furthermore, plaintiff was required to determine the scope of authorization given by Avis concerning his use of the rental vehicle, which plaintiff failed to do. *Id*.

Plaintiff argues that he was never given explicit notice that he was not authorized to drive Brimm's rental vehicle. See *Spectrum*, 492 Mich at 537-538 (holding that the plaintiff was barred from recovering PIP benefits because the owner of the vehicle, the plaintiff's father, had expressly instructed the plaintiff that he was forbidden from operating the car, and the plaintiff consequently knew he had taken the vehicle unlawfully). However, a vehicle owner is not required to make such an explicit statement to every person who is not authorized to drive it. Rather, "MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner." *Id*. at 518.

Plaintiff further argues that because he was not a party to the rental contract and was never given a copy of the contract to read, Avis somehow authorized him to drive the rental vehicle. Aside from the fact this argument is largely undeveloped, plaintiff's position, if anything, merely provides additional evidence that he was not a party to the rental agreement and had not taken any steps to determine whether the vehicle's owner had authorized him to use the car.

Viewing the evidence in the light most favorable to plaintiff, the trial did not err by granting defendants' motion for summary disposition and determining that there was no genuine factual dispute concerning plaintiff's eligibility for no-fault PIP benefits pursuant to MCL 500.3113(a). *El-Khalil*, 504 Mich at 159-160.

Affirmed. As the prevailing parties, defendants may tax costs. MCR 7.219(A)(1).

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Kathleen A. Feeney